*J. C. ALEXANDER, ET AL. V. ALBERT K. SPENCER, TREAS.
AVERY STAMPING CO. V. ALBERT K. SPENCER, TREAS.
THEODORE M. BATES, ET AL. V. JOHN I. NUMM, Treas.

CITY CANNOT LEVY TAXES BY SEWER DISTRICTS TO PAY COST OF IMPROVE-
MENTS.

A city cannot levy taxes by sewer districts to provide a sinking
fund for sewer district bonds, issued since the municipal code
of 1902 went into effect, for the purpose of paying that portion
of the cost of sewers constructed in certain districts and not
assessed upon the property specially benefited, notwithstanding
proceedings therefor were commenced in council before the
present code went into effect and under a statute authorizing
such levy.

APPEAL from Cuyahoga common pleas court.

*Ford, Snyder & Tilden* and *T. M. Bates,* for plaintiffs:
Cited and commented upon the following authorities:
*Heffner* v. *Toledo,* 75 Ohio St. 413 [80 N. E. Rep. 8]; *Hayes*
v. *Cleveland,* 55 Ohio St. 117 [44 N. E. Rep. 518]; *State* v.
*Bacom,* 66 Ohio St. 491 [64 N. E. Rep. 427; 90 Am. St. Rep.
599]; *State* v. *Jones,* 66 Ohio St. 453 [64 N. E. Rep. 424; 90
Am. St. Rep. 592]; *Platt* v. *Craig,* 66 Ohio St. 75 [63 N. E.
Rep. 594]; *Raymond* v. *Cleveland,* 42 Ohio St. 523.

*Newton D. Baker,* city solicitor, and *Wilbur D. Wilkin,*
Asst., for defendants.

**WINCH, J.**

These three cases were all tried together on an agreed
statement of facts.

The question involved is whether the city can now levy
taxes by sewer districts to provide a sinking fund for sewer

*Affirmed, no op., Spencer v. Alexander, 83 O. S. 492.

Alexander v. Spencer.

district bonds issued since the new municipal code went into effect, May 4, 1903, for the purpose of paying that portion of the cost of sewers constructed in certain districts not assessed upon the property specially benefited, the councilmanic proceedings for the improvements paid for by the bonds having been begun before said date.

The whole matter grows out of the repeal of original R. S. 2713 by the new municipal code. That section read as follows: "The levy to provide a sinking fund for the redemption of bonds issued for sewerage purposes shall, where the corporation is divided into sewer districts, be upon the property of the district for which the bonds were issued."

The levy here mentioned is strictly a tax, as distinguished from a special assessment. It is a tax to pay a debt of the city. That debt, it is true, was contracted for the benefit of a certain district of the city. Who shall pay it, the original district or the city at large?

The city urges that the levying of a tax to pay these bonds is part of the original "proceeding" under which the improvements were begun to pay for which the bonds were issued, and claims that rights under repealed R. S. 2713 are saved to the city, by virtue not only of Gen. Code 26, but also of Sec. 211 of the Mun. Code (1536-910 R. S. not found in the Gen. Code) which reads in part as follows: "no rights or liabilities, either in favor of or against such corporation, existing at the time of the taking effect of this act, and no suit, prosecution, or proceeding shall be in any manner affected by such change, but the same shall stand or proceed as if no such change had been made."

The rule contended for has been held to apply in the case of special assessments. Raymond v. Cleveland, 42 Ohio St. 523, and other cases cited by council but we have been unable to find a case where the same rule was applied to the levying of taxes. There is a decided distinction between the two kinds of impositions. The levying of an assessment to pay for a street improvement is clearly a part of the proceedings, and is so treated in the municipal code. Notice is given to the owners of benefited property, and they, in a manner, take part in the

proceedings. The whole assessment at once becomes a continuing lien, though it may be collected through a series of years. Not so with regard to the levying of taxes. That power is in the state to be exercised as the legislature directs within the rules laid down in the constitution. So long as the constitutional limits are observed the taxpayer must submit and has no part in the matter and one legislature cannot bind another or make a bargain about the right to levy taxes, with a municipal corporation, or any other agency.

Each year's tax levy is a new and distinct matter having no reference to any previous levy. We fail to see that a tax levy is a part of any other proceeding; taxes are levied to pay old debts, as bonds, notes, judgments, etc., and to furnish funds for current expenses, but in no sense does the tax levy become a part of the proceeding whereby the old debt was created or the current expense is incurred.

Distinguishing these cases from assessment cases on the point that the levying of taxes is no part of the original street improvement ''proceeding,'' we hold that the plaintiffs are entitled to the injunctions prayed for.

Judgments for plaintiffs.